The Law Office of

# RALPH A. SOMMA

175 West Main Street, Suite One
Babylon, NY 11702

Tel.: (631) 587-1699                 E-mail: rsomma@sommafirm.com
Fax: (631) 587-1760                Web: www.sommafirm.com

Hon. A. Kathleen Tomlinson
United States District Court Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

March 6, 2013

Re:    Chapas v. Avco Indus., Inc., et al.
        Case No. 12-CV-0683

Dear Judge Tomlinson,

       This Office represents, Rene Chapas, the Plaintiff in the above referenced case. I write pursuant to your Individual Rules and Local Rule 37.3 regarding a continuing discovery dispute.

       On February 12, 2013 Your Honor issued a Civil Conference Order addressing the issues raised by the Discovery Status Report filed by Plaintiff on February 5, 2013. Defendants have failed and refused to fully comply with that Order. I attempted to contact Defendants' counsel on three separate occasions by telephone – on February 20, 27 and March 5[1] – to address this ongoing dispute. None of my telephone calls were returned.

       The following reflects the Court's February 12, 2013 Civil Conference Order and the outstanding discovery items:

*As to Plaintiff's Document Requests*:

1. <u>Document Demand No. 4</u>: Defendants were directed to produce, **by February 22, 2013**, all W-2s or 1099s issued to plaintiff for 2005, 2006 and 2008; if Defendants do not have these records, they were to obtain them from the companies' accountants.

   Defendants' Response: Defendants and defendants' accountants are not in possession of the plaintiff's W-2 statements for the years 2005, 2006 and 2008.

2. <u>Document Demand No. 12</u>: Plaintiff sought production of, *inter alia*, deposition transcripts and the settlement agreement entered into by Defendants in the *Torres*[2] case. Your Honor directed Defendants' counsel to submit the settlement agreement for an *in camera* review[3] and counsel for both sides to meet and confer in an attempt to resolve the deposition

---

[1] My call at 2:30 PM on March 5 was promised a return call within one hour. None was received.
[2] *Torres, et al. v. Avco Industries, Inc., et al*, Case No. 09-CV-2744, is a 2009 EDNY wage case filed against Defendants by several of Plaintiff's former co-workers. Defendants' counsel herein represented Defendants in that case as well.
[3] Contrary to Defendants' counsel's representation, there is nothing in that case docket to indicate the settlement agreement (currently the subject of Your Honor's *in camera* review) was submitted to Judge Wexler as required by the FLSA. In fact, a March 4, 2013 letter motion seeking to restore that case to the court's docket because of Defendants' failure to comply with the settlement terms, specifically states "[t]he Settlement Agreement was never submitted for the Court's review". *See* Case No. 09-CV-2744, docket entry No. 38.

Case 2:12-cv-00683-RKC-AKT   Document 18   Filed 03/06/13   Page 2 of 3 PageID #: 109

transcript issue. If unable to do so after having complied with Local Civil Rule 37.3, Plaintiff could file a letter motion via ECF seeking appropriate relief.

Defendants' Response: As previously noted, Defendants' counsel has failed or refused to return my telephone calls to discuss this issue.

3. Document Demand No. 25: Defendants were directed to produce by **February 22, 2013** records of plaintiff's earnings as reported to third parties, including the New York Quarterly Combined Withholding, Wage Reporting and Unemployment Insurance Returns. If these records are not in defendants' immediate possession, then defendants were to obtain those records from the accountants for the businesses.

Defendants' Response: Neither of the defendants nor the accountant for the defendants have in their possession the New York Quarterly combined withholding statements; wage reporting; or unemployment insurance returns for the years in question.

*As to the Second Set of Interrogatories:*

4. Verification: Defendants were directed to provide a verification of both their interrogatory responses as required by Federal Rule 33.

Defendants' Response: Defendants provided a one-page verification that does not specify whether it applies to Defendants' responses to Plaintiff's first or second set of interrogatories.

5. Interrogatory No. 1: Plaintiff sought the E-ZPass tag number(s) issued or used by Defendants to pay tolls for any vehicle in which Plaintiff travelled while performing work for Defendants. The court directed Plaintiff to narrow the scope of this request in terms of the actual vehicles utilized by the plaintiff during his work for defendants.

Defendants Response: As previously noted, Defendants' counsel has failed or refused to return my telephone calls to discuss this issue.

6. Interrogatory Nos. 2 and 3: Plaintiff sought the identity of drivers and drivers' helpers during the time he was employed by Defendants. The court narrowed the scope of these interrogatories and directed Defendants to provide the information requested "for the FLSA period covering December 2007 through December 2010" by **February 22, 2013**. By letter dated February 22, I advised Defendants' counsel that the time frame of the court's order was incorrect inasmuch as it was undisputed that Plaintiff's employment with Defendants terminated December 31, 2011.[4] I also pointed out that five of the persons identified by Defendants in their supplemental response did not include addresses. I asked that Defendants' response be supplemented accordingly.

Defendants' Response: By letter dated February 27, 2013, Defendants' counsel stated, "I will not change the language contained in the Magistrate's order and will advise you that all known addresses have been provided."

7. Interrogatory No. 4: Plaintiff sought the identity of all customers of Defendants to whom Plaintiff made deliveries during his employment with Defendants including each such

---

[4] In their supplemental response to Plaintiff's First Set of Interrogatories, Defendants assert, "plaintiff was employed on or about April 1, 2005 through his termination date of December 31, 2011." Plaintiff's complaint also alleges his employment terminated on December 31, 2011.

Case 2:12-cv-00683-RKC-AKT   Document 18   Filed 03/06/13   Page 3 of 3 PageID #: 110

customer's name, last known address and telephone number. The court directed Defendants to produce this information by **February 28, 2013**.

Defendants' Response: Defendants provided no response whatsoever to this interrogatory. In reply to my letter of February 22, wherein I reminded Defendants that their response to this interrogatory was due February 28, Defendants' counsel incorrectly stated, "[a]s to interrogatory # 4, this office was not instructed to provide an answer to this interrogatory, and will not absent a directive from Magistrate Tomlinson."[5]

*Plaintiff's Second Request for the Production of Documents*

8. On January 16, 2013, Plaintiff served a Second Request for the Production of Documents seeking two categories of documents: (a) those concerning the HandPunch 2000 time & attendance terminal used by Defendants to record Plaintiff's time & attendance including installation manuals, user manuals, training manuals or memos, bills or contracts of sale or lease, licensing or maintenance agreements; and (b) a similar class of documents related to any software used by Defendants in conjunction with the HandPunch 2000.

Defendants' Response: Defendants have not provided any response whatsoever to this document demand.

*Electronically Stored Information – the ESI Order*

9. With respect to the October 17, 2012 ESI Order, Defendants' counsel indicated that he would "inquire as to whether there is any software that the company uses and if the records are stored somewhere." In their supplemental response, Defendants identified "the software which was installed and utilized in connection with the Handpunch 2000 as TCS6.0". However, as noted, Defendants provide no response to Plaintiff's second document request which included a demand for documents concerning this software.

Defendants have repeatedly ignored their discovery obligations under the Federal Rules of Civil Procedure and this Court's Orders; have made misrepresentations to this court regarding other litigation in which they are defendants; and, have engaged in dilatory and evasive tactics. During the February 12 status conference, Your Honor warned Defendants that any such further conduct would result in the imposition of sanctions. Based on the foregoing, sanctions are warranted. Plaintiff respectfully requests this Court order Defendants to comply with its February 12 Civil Conference Order, produce all documents requested in Plaintiff's Second Document Demand and award Plaintiff the attorneys'fees and costs associated with this letter motion and any other appropriate relief that may be warranted.

Respectfully submitted,
THE LAW OFFICE OF RALPH A. SOMMA

Ralph A. Somma
*RAS/pc*
*via ECF*
*cc: client*

---

[5] It is worth noting that Defendants initially denied receiving Plaintiff's Second Set of Interrogatories but were forced to recant that position based upon their own prior admissions to the contrary.