The Law Office of
# RALPH A. SOMMA
175 West Main Street, Suite One
Babylon, NY 11702

Tel.: (631) 587-1699  E-mail: rsomma@sommafirm.com
Fax: (631) 587-1760  Web: www.sommafirm.com

Hon. A. Kathleen Tomlinson
United States District Court Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

April 30, 2013

Re: Chapas v. Avco Indus., Inc., et al.
    Case No. 12-CV-0683

Dear Judge Tomlinson,

This Office represents, Rene Chapas, the Plaintiff in the above referenced case. I write pursuant to your Individual Rules and Local Rule 37.3 regarding a continuing discovery dispute.

On February 12, 2013 Your Honor issued a Civil Conference Order addressing the issues raised by the Discovery Status Report filed by Plaintiff on February 5, 2013. By letter motion dated March 6, I requested court intervention concerning several discovery items that were the subject of your February 12 Order that remained outstanding. On March 8, Your Honor denied Plaintiff's motion without prejudice to renew finding that the parties had not complied with Local Rule 37.3 and further directed they report, by March 22, on the status of their discovery dispute. By letter of March 22 I advised the court that Plaintiff granted Defendant additional time to confer with his client regarding outstanding discovery. After several attempts, in writing and by telephone, to resolve this matter, I write to request the court compel Defendants to fully comply with the court's February 12 Order and impose appropriate sanctions for their continuing failure to do so.

The following reflects the Court's February 12, 2013 Civil Conference Order, Defendants' responses thereto and the discovery items which remain outstanding:

*As to Plaintiff's Document Requests*:

1. Document Demand No. 4: Defendants were directed to produce, **by February 22, 2013**, all W-2s or 1099s issued to plaintiff for 2005, 2006 and 2008; if Defendants do not have these records, they were to obtain them from the companies' accountants.

   Defendants maintain that neither they nor their accountants are in possession of the plaintiff's W-2 statements for the years 2005, 2006 and 2008. Furthermore, Defendants have failed to identify their accountants as specifically request by Plaintiff's Interrogatory No. 14.

   Certainly, Plaintiff is entitled to verify, by subpoena or deposition, the non-existence of these forms which Defendants were obligated to maintain and to examine their accountants regarding Defendants' payroll practices.

2. Document Demand No. 12: Plaintiff sought production of the deposition transcripts and settlement agreement entered into by Defendants in *Torres, et al. v. Avco Industries, Inc., et al*, Case No. 09-CV-2744, a 2009 EDNY overtime case filed against Defendants by several of Plaintiff's former co-workers. Your Honor directed Defendants' counsel to submit the

settlement agreement for an *in camera* review and counsel for both sides to meet and confer in an attempt to resolve the deposition transcript issue.[1]

Defendants' counsel indicated that both Defendants and plaintiffs in *Torres* were deposed in that overtime case. Defendants, however, have refused to provide the transcripts of those depositions on the basis of relevancy.

Under Fed. R. Civ. P. 32(a)(2), "[a]ny party may use a deposition to contradict or impeach the testimony given by the deponent as a witness, or for any other purpose allowed by the Federal Rules of Evidence." Fed. R. Evid. 804(b)(1) provides an exception to the hearsay rule and allows admission, where the declarant is unavailable, of "[t]estimony that was given as a witness at … a deposition whether given during the current proceeding or a different one; and is now offered against a party who had ... an opportunity and similar motive to develop it by direct, cross-, or redirect examination."

Thus, inasmuch as the Federal Rules of Civil Procedure and Evidence allow the admission, at trial, of deposition transcripts from other proceedings, it is axiomatic that, under the liberal rules of discovery, Defendants must provide Plaintiff copies of the deposition transcripts from an identical and very recent wage & hour case. *See, e.g.*, *Clay v Buzas*, 208 F.R.D. 636 (D. Utah 2002) (Female employee who brought sexual harassment claim against employer could use depositions of other employees taken in prior sexual harassment suit against employer brought by another female employee, where employer had adequate motive and opportunity in prior case to develop testimony of deponents).

3. Document Demand No. 25: Defendants were directed to produce by **February 22, 2013** the New York Quarterly Combined Withholding, Wage Reporting and Unemployment Insurance Returns. If these records were not in defendants' immediate possession, then defendants were to obtain those records from the accountants for the businesses.

   Defendants' Response: As with the requested W2s, Defendants claim that neither they nor their accountant have these records. As noted, Defendants have not identified their accountants as requested by Plaintiff's Interrogatory No. 14.

*As to the Second Set of Interrogatories:*

4. Interrogatory No. 1: Plaintiff sought the EZ-Pass tag number(s) issued or used by Defendants to pay tolls for any vehicle in which Plaintiff travelled while performing work for Defendants. The court directed Plaintiff to narrow the scope of this request in terms of the actual vehicles utilized by the plaintiff during his work for defendants. Accordingly, Plaintiff provided Defendants a description of the two trucks in which Plaintiff worked during the last three years of his employment.

   Defendants Response: Defendants ignored the narrowly tailored demand and responded that they are not is possession of the requested information because "there were many different truck (sic) over the years 2004 through 2013 with many different EZ-pass tags." A subsequent reminder of the narrowed demand did not result in any production from Defendants in response to this request.

5. Interrogatory No. 4: Plaintiff sought the identity of all customers of Defendants to whom Plaintiff made deliveries during his employment with Defendants including each such

---

[1] The settlement agreement has since been obtained by Plaintiff via ECF from the docket of the *Torres* case.

customer's name, last known address and telephone number. The court directed Defendants to produce this information by **February 28, 2013**.

Defendants' Response: Defendants have continually provided no response whatsoever to this interrogatory. In reply to my letter of February 22, wherein I reminded Defendants that their response to this interrogatory was due February 28, Defendants' counsel incorrectly stated, "[a]s to interrogatory # 4, this office was not instructed to provide an answer to this interrogatory, and will not absent a directive from Magistrate Tomlinson." Upon further review of the court's February 12 Order, Defendants admitted their error. Nonetheless, they have absolutely refused to comply with the court's order to produce this information.[2]

*Plaintiff's Second Request for the Production of Documents*

6. On January 16, 2013, Plaintiff served a Second Request for the Production of Documents seeking two categories of documents: (a) those concerning the HandPunch 2000 time & attendance terminal used by Defendants to record Plaintiff's time & attendance including installation manuals, user manuals, training manuals or memos, bills or contracts of sale or lease, licensing or maintenance agreements; and (b) a similar class of documents related to any software used by Defendants in conjunction with the HandPunch 2000.

Defendants' Response: In their supplemental responses, Defendants only identified the software used in connection with the HandPunch 2000 but have not provided any documents responsive to this request.

Defendants have repeatedly ignored their discovery obligations under the Federal Rules of Civil Procedure and this Court's Orders. Since making their Rule 26 initial disclosures, except for the pleadings in the *Torres* case, Defendants have not produced a single sheet of paper in response to Plaintiff's requests. During the February 12 status conference, Your Honor warned Defendants that any such further conduct would result in the imposition of sanctions. Based on the foregoing, Plaintiff respectfully requests this Court order Defendants to comply with its February 12 Civil Conference Order, produce all documents and responses herein requested and award Plaintiff the attorneys' fees and costs associated with this letter motion and any other appropriate relief that may be warranted.

Respectfully submitted,
THE LAW OFFICE OF RALPH A. SOMMA

s/Ralph A. Somma
*RAS/pc*
*via ECF*
*cc: client*

---

[2] During our last telephone conversation on April 24, Defendant's counsel finally indicated that Defendants did not intend to comply and indicated he would request the court reconsider that part of the February 12 Order directing Defendants turn over its customer list. Local Rule 6.3, however, requires a motion to reconsider be made within 14 days after the entry of the order.