395 Fulton Street
Farmingdale, New York 11735

221 Kingsley Road
Burnt Hills, New York 12027

# Law Office of James L. Breen

Telephone (516) 847-0267
Telefacsimile (516) 847-0271

Telephone (518) 631-9022
Telefacsimile (516) 847-0271

Matrimonial
Mediation and Divorce
Family Law
Criminal

DWI
Corporate
Negligence
Real Estate

January 14, 2014

**VIA ECF**
Judge Pamela K. Chen
United States District Court
Eastern District of New York
Long Island Courthouse
100 Federal Plaza
Central Islip, NY 11722

    Re:    Chapas vs. Avco Industries, Inc.
           Case No. 12- CV-0683

Dear Judge Chen:

By Order dated November 25, 2013 Your Honor denied the defendants request for a pre-motion conference, **without prejudice and with the right to resubmit the request**, on the basis that all discovery was not completed. This was presumably done because counsel for the plaintiff contended that there was outstanding discovery. At this juncture, plaintiff's counsel has not proceeded with any additional discovery, nor has he made an application to extend any of the discovery deadlines, Presently, the matter is proceeding to a pre-trial conference on January 16, 2014. In effect, counsel has done nothing since representing to the court that further discovery was pending or needed. I trust this will not prejudice the defendant's rights to a pre-motion conference or in making a motion for summary judgment.

In consideration of the above, please allow this letter to serve as a renewed request for a pre-trial conference in this matter.

The motion will be supported by the deposition transcripts of the plaintiff and the defendants (not yet received); the exhibits marked during the depositions of the parties (not yet received); and the pleadings and letters filed and provided to the court. The basis of the motion is that the plaintiff is not entitled to recover under and by virtue of FLSA, section 13 (b) (1) (exemption of certain employees). The plaintiff has set forth in writing and through deposition testimony that he was a drivers helper making deliveries across

Judge Pamela K. Chen
Page 2

State lines on a daily bases, and that his duties affected the safety of operation of a motor vehicle, and that he at times operate the truck. It has been further established through deposition testimony that the defendants were motor carriers or private motor carriers, as defined under FLSA 13 (b) (1), transporting property by motor vehicle as the owner of the property being transported and that is was for sale and/or to further commercial enterprise. The trucks which were owned by the defendants, and operated by the drivers and drivers helpers, were also over the statutory weight of 10,000.00 pounds.

Defendants will further contend that through the plaintiff's deposition testimony, as well as the plaintiff's analysis of all payroll records and other documentary evidence which the plaintiff produced, the plaintiff has failed to establish a violation of either the Federal or State Labor law. Plaintiff has admitted to having utilized the hand punch time clock on virtually every occasion that he arrived and left work. The Hand Punch clock reads an employee's hand print and then records the time he arrives and departs. The time records confirm the regular time; overtime and spread time due and then paid to the plaintiff. These will be produced in support of the defendant's application for summary judgment.

Defendant is not contesting the accuracy of the Hand Punch 2000 machine through the testimony of any expert or otherwise.

I remain,

*[signature]*

James L. Breen

JLB:ms

cc: Ralph Somma, Esq. – **VIA ECF**